UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GARY D. CHEUVRONT, | Case No. 3:11-cv-01087-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

HAGGERTY, District Judge:

Plaintiff Gary D. Cheuvront seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits (DIB) and Social Security Supplemental Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Commissioner's decision was not based on the correct legal standards and must be REVERSED and REMANDED for an award of benefits.

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). If the Commissioner meets this burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleges disability as of March 5, 2007 based on a number of physical and mental impairments including hepatitis C, bipolar disorder, obstructive sleep apnea, attention deficit disorder, and panic disorder with agoraphobia. He was last insured for benefits on December 31, 2008. He is fifty two years old, has a GED, and his past work experience includes employment as a photo processor. Two ALJs have issued decisions finding that plaintiff has not been under a disability as defined by the Social Security Act.

Plaintiff first protectively filed applications for DIB and SSI in February 2004. The claims were denied initially and upon reconsideration. Tr. 129.[1] A hearing before an ALJ was held in July 2005, and in January 2006 the ALJ issued an opinion unfavorable to plaintiff which plaintiff did not appeal. Tr. 139. Plaintiff protectively filed a second application for DIB and SSI in April 2008. The claims were denied initially. A hearing before an ALJ was held in September 2010, and one month later the ALJ issued an opinion unfavorable to plaintiff. Upon timely filing of appeal, the Appeals Council refused to review the second ALJ decision, making

---

[1] "Tr." refers to Transcript of the Administrative Record.

OPINION AND ORDER- 3

that decision the final decision of the Commissioner. Plaintiff now appeals for judicial review of the Commissioner's decision.

## DISCUSSION

Plaintiff contends that this court should reverse the Commissioner's decision based on three alleged errors: (1) improperly rejecting the opinion of Dr. Valerie Krause, a treating physician; (2) improperly rejecting the opinion of Katrina McAlexander, a treating psychiatric and mental health nurse practitioner (PMHNP); and (3) improperly rejecting plaintiff's symptom testimony. Plaintiff further contends that the ALJ *de facto* reopened plaintiff's first application for benefits and that, accordingly, benefits should be awarded based on plaintiff's February 2004 application. Plaintiff requests that this court remand for a payment of benefits, or alternatively, remand for further proceedings.

1.  **Opinions of examining physicians**

The opinion of an examining physician cannot be lightly disregarded. However, such opinions are "not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). The ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons for doing so, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "Greater weight must be given to the opinion of treating physicians, and in the case of a conflict the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (internal citation and quotations omitted). "The opinion of a

OPINION AND ORDER- 4

nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted).

    a.    **Dr. Valerie Krause, M.D.**

Doctor Krause has been plaintiff's treating physician since 2007. Tr. 960. She summarized her opinion in a September 2009 letter indicating plaintiff suffers from "Hepatitis C, Obstructive Sleep Apnea, Panic Disorder with Agoraphobia, Bipolar Disorder, Attention Deficit Disorder and Hyperthyroidism" *Id.* She stated that plaintiff's "hepatitis C has been proven by liver biopsy, and is chronic with laboratory data showing persistent elevation of liver enzymes at a level of 2 to 3 times that which is normal" and that his "hepatitis adds to his fatigue." *Id.* Doctor Krause indicated that she expected plaintiff's fatigue to worsen in light of his sleep apnea. *Id.* Specifically, Dr. Krause noted that plaintiff can only tolerate fifteen minutes of slow paced walking, and concluded he would "not be able to tolerate staying alert and attending to a task for even four hours a day." *Id.*

Regarding plaintiff's psychological limitations, Dr. Krause noted that plaintiff is "unable to associate with the public or those unknown to him without suffering severe anxiety" and that his "ability to work with the public . . . or even to interact with co-workers or superiors is markedly limited." Tr. 918. She noted that while he has medication to limit the severity of his panic attacks, "the effects of the medicine are only partial." *Id.* She concluded that "[t]he summation of his fatigue and mental health symptoms" is "severe." *Id.*

In making his RFC assessment, the ALJ did not give Dr. Krause's opinion controlling weight. Instead, the ALJ relied on the opinions of Disability Determination Services (DDS)

OPINION AND ORDER- 5

medical consultants provided in December 2008. Tr. 49. Upon review of plaintiff's medical record, DDS concluded he did not have any severe physical impairment resulting in physical limitations. Tr. 445. Regarding his mental impairments, DDS concluded that while plaintiff could not work directly with the general public, he "should get along with coworkers/supervisor on a routine social basis." Tr. 444. The ALJ thus determined that plaintiff had the RFC to engage in medium work and get along with coworkers and supervisors. Tr. 49. The DDS consultants' opinions alone are insufficient grounds to reject Dr. Krause's opinion. *Lester*, 81 F.3d at 831. To do so, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence in the record.

The ALJ found inconsistency between Dr. Krause's report that plaintiff could only tolerate fifteen minutes of walking at a slow pace and reports that he was walking a half-mile a day and had ridden a bicycle. Tr. 49. The ALJ also found Dr. Krause's assertion that plaintiff has severe anxiety whenever he leaves home to be inconsistent with reports indicating that Lorazepam allowed him to function in public. Tr. 50.

"Where the purported existence of an inconsistency is squarely contradicted by the record, it may not serve as the basis for the rejection of an examining physician's conclusions." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). The ALJ offered no specific reason as to why he found plaintiff's half-mile walks and difficulty with bike riding to be inconsistent with Dr. Krause's opinion that plaintiff cannot tolerate more than 15 minutes of walking at a slow pace without becoming fatigued. In fact, being limited to fifteen minutes of slow walking and experiencing exhaustion after walking a half-mile are wholly consistent. With regards to bicycling, the report the ALJ cites noted that plaintiff "was having some . . . back pain after

OPINION AND ORDER- 6

getting on his bike again recently." Tr. 879. This, too, is consistent with Dr. Krause's report.

The reports the ALJ cited to support his conclusion that plaintiff could function in public with medication are also consistent with Dr. Krause's opinion. Those reports indicate that with the aid of medication, plaintiff was able to complete two hours of community service and go grocery shopping. Tr. 569, 933. The ALJ "must evaluate the claimant's 'ability to work on a *sustained* basis.' Occasional symptom-free periods -- and even the sporadic ability to work -- are not inconsistent with disability." *Lester*, 81 F.3d at 833 (quoting 20 C.F.R. §404.1512(a)). Plaintiff's ability to tolerate limited interaction with the public with the aid of medication is consistent with Dr. Krause's opinion that he is markedly limited in interacting with the public.

Finally, the ALJ found Dr. Krause's objectivity questionable. Tr. 50. Theorizing that the real explanation for plaintiff's fatigue might be alcohol abuse, the ALJ implied that Dr. Krause did not mention a July 2009 incident of alcohol abuse due to bias.[2] *Id.* In support of his theory, the ALJ cited a 2004 psychodiagnostic evaluation in which plaintiff described a typical day involving four to six hours of work followed by sleep and binge drinking. Tr 47-48; Tr. 533. The ALJ's conclusion that alcohol abuse is the cause of plaintiff's current fatigue is unsupported by any current medical evidence, as is his finding that Dr. Krause lacks objectivity. Plaintiff admitted to consuming alcohol in July 2009, and in August 2009, plaintiff stated he used alcohol "maybe three times in the last year." Tr. 48. There is no evidence that plaintiff has been drinking regularly during the time period in question. That plaintiff abused alcohol several years prior to the time period in question and has used it rarely since is a matter of little consequence and does

---

[2] Plaintiff testified that he resorted to alcohol in an attempt "to get the nerve to ride a bike to get exercise." Tr. 61.

OPINION AND ORDER- 7

not provide a basis for rejecting the opinion of Dr. Krause. In rejecting a medical opinion, the ALJ "must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick,* 157 F.3d at 725. The ALJ has failed to do so here. Where the ALJ improperly rejects the opinion of a physician, that opinion is credited as a true as a matter of law. *Lester,* 81 F.3d at 834.

### b.   Katrina McAlexander, PMHNP.

Nurse McAlexander submitted a statement in July 2010 indicating plaintiff's diagnoses include bipolar disorder and agoraphobia with panic. She noted that plaintiff struggles in social situations, would likely not function well in a work-like setting, and would likely decompensate or require hospitalization if required to work. Tr. 959. She indicated that plaintiff "can at times be very reclusive." *Id.* The ALJ gave partial weight to Nurse McAlexander's opinion regarding social functioning, and gave her opinion little weight to the extent that it refers to plaintiff's physical condition. Tr. 50.

In discounting Nurse McAlexander's opinion on plaintiff's physical condition, the ALJ noted that it was "out of the area of her expertise." *Id.* Her report's only mention of physical limitations is that plaintiff "also has numerous physical health problems." Tr. 959. Nurse McAlexander is a *mental health* nurse practitioner. While she does offer an opinion as to possible physical consequences of plaintiff's bipolar and agoraphobia issues, this appears to be well within her area of expertise.

The ALJ discounted Nurse McAlexander's opinion regarding social functioning because he found it to be inconsistent with the record. Tr. 50. He pointed to treatment notes indicating that Lorazepam has allowed plaintiff to function in public and perform community service. *Id.*

OPINION AND ORDER- 8

He identified medical records indicating that on May 10 and June 11, 2010, plaintiff reported "feeling really good" and "being well overall," respectively. *Id.* Nurse McAlexander's opinion is in fact fully consistent with the record. While plaintiff reports feeling good some days, the record is replete with treatment notes indicating he does not feel well. This fluctuation is consistent with a diagnosis of bipolar disorder. Plaintiff's difficulty performing community service and need for medication to tolerate interaction with the public is consistent with an opinion that he often struggles to leave his home. As Nurse McAlexander's report was consistent with the record, the ALJ has not provided sufficient grounds for discounting it. As the ALJ's improper treatment of the medical opinion evidence warrants a remand, the court does not review the ALJ's treatment of plaintiff's symptom testimony here.

2.   **Reopening plaintiff's prior applications**

Plaintiff claims that the ALJ *de facto* reopened his prior application by citing evidence from prior proceedings. Accordingly, plaintiff argues that the initial application should be reopened and benefits should be paid based on the prior alleged disability onset date of February 15, 2002. The ALJ stated explicitly that prior evidence was considered "only to establish a history of the claimant's alleged impairments and is not intended as a *de facto* reopening" of the prior decision. Tr. 46-47. As the ALJ did not consider whether plaintiff was disabled during the already adjudicated period, plaintiff's prior application need not be reopened. Plaintiff's relevant alleged date of disability onset remains March 5, 2007.

3.   **Proper Remedy**

Plaintiff contends that this court should remand the case for a payment of benefits. A district court should remand for an award of benefits when:

OPINION AND ORDER- 9

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292. Here, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Krause's opinion in making the RFC determination. Accordingly, her opinion that plaintiff is unable to stay alert and attending to a task for even four hours a day and that plaintiff is markedly limited in his ability to interact with coworkers must be credited as true. It is clear from the record that the ALJ would be required to find plaintiff disabled were such evidence credited. Accordingly, the appropriate remedy is a remand for an immediate payment of benefits.

## CONCLUSION

Given the foregoing, there are no outstanding issues to be resolved in this matter. The court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose. Under the applicable standards and after giving the evidence in the record the effect required by law, this court finds that plaintiff is unable to engage in any substantial gainful activity by reason of his impairments, and he is disabled under the Social Security Act. Accordingly, the final decision of the Commissioner is REVERSED, and this case is REMANDED to the Commissioner for the proper calculation and award of DIB and SSI for plaintiff Gary Dean Cheuvront.

IT IS SO ORDERED.

DATED this 17 day of August, 2012.

ANCER L. HAGGERTY
United States District Judge

OPINION AND ORDER- 10